UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHARRIEF K. BOUCHET, p/k/a "Rawyal" or "Rief Rawyal,"

Plaintiff,

vs.

SYMERE WOODS (p/k/a Lil Uzi Vert), *et al.*,

Defendants.

ORDER

25-CV-6588-MAV

On October 17, 2025, pro se plaintiff Sharrief K. Bouchet ("Plaintiff") filed the instant complaint alleging that Defendants copied without authorization original, protectable elements of his copyrighted work, *Pain and Pleasure*. ECF No. 1. On January 14, 2026, before he served the original complaint on Defendants, Plaintiff filed an amended complaint. ECF No. 5.

Although Plaintiff paid the filing fee at the time he filed his original complaint, he is now before the Court seeking leave to proceed *in forma pauperis* ("IFP"), for service by the United States Marshals Service, and for an extension of time to effect service. ECF No. 3, 4. The Court has reviewed Plaintiff's motion and supporting affirmation as required under 28 U.S.C. § 1915(a), and finds that Plaintiff has met the statutory requirements. Accordingly, Plaintiff's request to proceed IFP is hereby granted.

In addition, the Court has conducted an initial screening of Plaintiff's amended complaint using the 28 U.S.C. § 1915(e)(2) criteria, and will allow

the matter to proceed to service against Defendants.[1] *See, e.g., Ahmad v. City of New York,* No. 25-CV-4166 (PAE) (VF), 2025 WL 3088981, at *1 (S.D.N.Y. Nov. 5, 2025) ("the IFP statute presents an extremely high bar for *sua sponte* dismissal for failure to state a claim"). Further, because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the Court and the Marshals to effect service. *Walker v. Schult,* 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process ... in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals to serve if the plaintiff is authorized to proceed IFP). Nevertheless, although Defendant is entitled to service of his complaint by the Marshals in this matter, he has not provided proper addresses to enable service and must do so **on or before October 30, 2026** or risk dismissal of his case.

Lastly, the Court finds good cause for extending Plaintiff's time to serve his amended complaint. *See* Fed. R. Civ. P. 4(m). Under Rule 4(m):

> If a defendant is not served within [90] days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012) (quoting Fed. R. Civ. P.

[1] The Court's decision to allow the matter to proceed to service does not suggest any view on whether Plaintiff's claims could survive a motion to dismiss. *See McFadden v. Noeth*, 827 F. App'x 20, 30 (2d Cir. 2020) (reversing district court's *sua sponte* dismissal at the IFP-screening stage but noting that "we have not asserted nor intimated any view on whether the various claims asserted by [plaintiff] could survive a motion to dismiss").

4(m)). The Second Circuit has held that district courts have discretion to grant extensions, and may do so even in the absence of "good cause." *Id.* (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir.2007)). Here, Plaintiff filed his motion for IFP and his motion for service by the Marshals within the 90 days permitted by Fed. R. Civ. P. 4(m), demonstrating both good cause for why he was unable to serve the summons and an adequate diligence in prosecuting his case.

For the foregoing reasons, it is hereby

ORDERED that **on or before October 30, 2026** Plaintiff must provide the Court with the address at which each Defendant may be served. Failure to do so will result in the matter not proceeding to service; and it is further

ORDERED that after receiving the addresses from Plaintiff, and without further order of this Court, the Clerk of Court cause the United States Marshal to serve copies of the Summons, the Amended Complaint [ECF Nos. 5 and 6], and this Order upon Defendants without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor.

SO ORDERED.

Dated: September 29, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge